UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION NO. 1:05-CR-0185-JPB |
| MICHAEL RENE GARRETT, | |
| Defendant. | |

# ORDER

This matter is before the Court on over thirty motions filed by Michael Garrett ("Defendant"). This Court finds as follows:

## BACKGROUND

In April 2005, this Court granted a writ of habeas corpus ad prosequendum to bring Defendant from Michigan, where he was serving a state sentence for kidnapping, to the Northern District of Georgia, where he committed separate offenses of kidnapping and vehicle theft. On April 28, 2006, Defendant pled guilty to both counts, and on July 11, 2006, Defendant was sentenced to 151 months' custody for kidnapping to run concurrently with a 120-month sentence for transporting a stolen vehicle.[1] [Doc. 41]. His federal sentence, however, was to

---

[1] On February 22, 2007, the Eleventh Circuit Court of Appeals affirmed Defendant's conviction and sentence. United States v. Garrett, 218 F. App'x 866, 867 (11th Cir. 2007).

run consecutively to any state sentence. See id. at 2. Defendant is currently serving a twenty-eight to forty-year sentence for kidnapping in Michigan, and his earliest release date is February 16, 2033. Defendant has therefore not begun to serve his federal sentence.

Over thirty motions filed by Defendant[2] are pending before the Court. This series of motions constitutes Defendant's third round of post-conviction litigation in twelve years.[3] At the outset, the Court notes that Defendant began filing these motions over fourteen years after the Supreme Court of the United States denied his petition for certiorari in his direct appeal, [Doc. 57], and eleven years after this Court denied as untimely his § 2255 motion to vacate his sentence, [Doc. 71]. Defendant's motions—which are altogether either frivolous or procedurally improper—seek various forms of relief, including compassionate release, a reduced sentence, remand into federal custody and equitable tolling. The Government opposes Defendant's motions. See [Doc. 112]; [Doc. 116].

---

[2] Because Defendant is proceeding *pro se* in this matter, the Court will liberally construe his pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

[3] The Government summarized these numerous filings in its consolidated response; the Court incorporates that summary by reference herein. See [Doc. 116, pp. 1–2].

2

## PENDING MOTIONS

The Court addresses Defendant's motions as follows: (1) Motion for Compassionate Release; (2) Motion for Application of Rule 35; (3) Motions for Tolling; (4) Motion for a Reduced Sentence; (5) Motions for Writ and Remand; and (6) Procedural Motions.

**1.      Motion for Compassionate Release**

Defendant filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c) on the grounds of the risks posed by the COVID-19 pandemic. See [Doc. 83]. Defendant acknowledged in the Motion that he is in the custody of the Michigan Department of Corrections. See id. at 2. The Government opposes the Motion for Compassionate Release. [Doc. 112].

**A.      Legal Standard**

District courts have limited authority to modify a sentence of imprisonment. United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may modify an imprisonment sentence in certain circumstances. United States v. Pitts, No. 1:16-CR-20050, 2021 WL 796271, at *1 (S.D. Fla. Mar. 2, 2021). Under that statute, a motion for compassionate release from custody may be filed directly with a district court on the earlier of thirty days after a prisoner makes a request to the warden of

his facility for such release or when he has exhausted all administrative remedies related to the Bureau of Prison's ("BOP") failure to bring such a motion on his behalf. See § 3582(c)(1)(A). If the exhaustion requirement is satisfied, a district court may reduce the term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A).

**B.     Analysis**

As a preliminary matter, Defendant is not in BOP custody, and this Court is thus without jurisdiction to grant his Motion. See, e.g., Atkinson v. U.S. Dist. Ct., No. CV 20-545, 2020 WL 7931420, at *1 (S.D. Ala. Nov. 25, 2020) ("Given that [the defendant] is in state custody, the federal compassionate release statute is wholly inapplicable to him."), R. & R. adopted, 2021 WL 43991 (S.D. Ala. Jan. 5, 2021); Royster v. Oliver, No. CV 21-102, 2021 WL 1619361, at *3 (S.D. Ala. Mar. 15, 2021) ("Because [the defendant] is in state custody and was sentenced under state law, the [c]ourt does not have authority to order a compassionate release under § 3582(c)(1)(A)(i)."), R. & R. adopted, 2021 WL 1618021 (S.D. Ala. Apr. 26, 2021).

Even if the Motion were properly before the Court, Defendant has failed to exhaust his administrative remedies. Defendant asserts that the exhaustion requirement is waived because he is in a non-BOP facility, relying on United States v. Barajas, No. 18-CR-736-04, 2020 WL 3976991 (S.D.N.Y. July 13, 2020), to support this proposition. In Barajas, the defendant was temporarily housed at a non-BOP facility while the U.S. Marshals Service transferred him to another facility. Id. at *2. The defendant argued that, because he was located in a non-BOP facility, there was no BOP official to whom he could direct his request for release. Id. at *8. Therefore, he contended, complying with the exhaustion requirement in § 3582(c)(1)(A) would be futile. Id. The court agreed and waived the requirement, with no objection by the Government. Id. Barajas is inapposite to this case, however. Defendant is not temporarily in a non-BOP facility but otherwise in federal custody; instead, he is serving a state sentence in state custody. Because he is not yet in federal custody, Defendant cannot exhaust his remedies under § 3582(c)(1)(A), and in any event, this Court lacks jurisdiction to consider his request. As such, the Motion for Compassionate Release is **DENIED**.[4]

---

[4] Defendant asked this Court to reconsider his Motion for Compassionate Release in a subsequently filed motion. [Doc. 126]. For the same reasons set forth above, that motion is **DENIED**.

**2.     Motion for Application of Rule 35**

Defendant moved this Court to correct his sentence under Federal Rule of Criminal Procedure 35 (the "Rule 35 Motion"). [Doc. 91]. He argues that he received ineffective assistance of counsel at his sentencing hearing, that his sentence is procedurally and substantively unreasonable and that his sentence is based on erroneous information in the presentence report. Defendant also challenges the imposition of a consecutive sentence. The Government argues that because Defendant seeks to "attack the validity of his conviction and sentence," the Court should recharacterize the Rule 35 Motion as a successive § 2255 motion, which seeks "relief that this Court has continually denied." [Doc. 116, p. 7].

**A.     Legal Standard**

As a general rule, a defendant may collaterally attack the validity of a federal sentence only by filing a petition under 28 U.S.C. § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003); see § 2255(e) (limiting collateral attacks to federal sentences to § 2255 motions unless "the remedy by motion is inadequate or ineffective to test the legality of [the defendant's] detention"). That statute allows a federal prisoner to seek relief on the grounds that his sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence

6

was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a).  Should a defendant wish to file a successive § 2255 motion, that motion must be certified by a panel of the appropriate court of appeals as containing newly discovered evidence or addressing a new rule of constitutional law that retroactively applies on collateral review.  § 2255(h); see also id. § 2244(b)(2) (setting forth the requirements for a successive § 2255 motion).  If the appellate court does not certify a second § 2255 motion, the district court lacks jurisdiction to consider it.  Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003); see also United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005).  Importantly, "[i]t is the relief sought, not [a] pleading's title, that determines whether the pleading is a § 2255 motion."  United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006); see also Gooden v. United States, 627 F.3d 846, 847 (11th Cir. 2010) ("Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." (quoting United States v. Jordan, 915 F.2d 622, 624–25 (11th Cir. 1990))).

B.     Analysis

Defendant has already filed one § 2255 motion in this case. Specifically, he filed a motion to vacate his sentence under § 2255 on February 19, 2010, [Doc. 63], which the Court dismissed on August 31, 2010, as time-barred, [Doc. 71]. The Eleventh Circuit denied Defendant's petition for mandamus, [Doc. 74], and his motion for reconsideration, [Doc. 80].

In sum and substance, the instant Rule 35 Motion challenges the validity of Defendant's sentence. Defendant expressly argues, for instance, that the imposition of a consecutive sentence violates federal law. See [Doc. 91, pp. 4, 8]. Defendant thus seeks relief on the grounds that his sentence "was imposed in violation of the . . . laws of the United States." § 2255(a). This motion, albeit titled as one seeking relief under Rule 35 of the Federal Rules of Criminal Procedure, appears to seek relief that is in reality provided by § 2255(a). Cf. Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (holding that a motion seeking relief from a judgment of conviction "is in substance a successive habeas petition and should be treated accordingly," despite being labeled as a Rule 60(b) motion). The Court thus construes the Rule 35 Motion as a § 2255 motion.[5] Because

---

[5] A court's ability to construe a *pro se* litigant's motion as his *first* § 2255 motion is limited; doing so "can have serious consequences because it subjects any subsequent § 2255 motion to the restrictive conditions that federal law imposes upon a second or

8

Defendant has already filed a § 2255 motion, he must obtain certification to file a second one, see § 2255(h), and he has not done so in this case. Accordingly, the Rule 35 Motion is due to be denied as an untimely and improper successive § 2255 motion. More specifically, because the Eleventh Circuit has not certified Defendant's successive § 2255 motion, this Court lacks jurisdiction to consider it.

Even if the Court did not construe this motion as one seeking relief under § 2255, Defendant is not entitled to a remedy under Rule 35. That rule allows the Court to correct an arithmetical, technical or other clear error in a sentence within fourteen days after sentencing. Fed. R. Crim. P. 35(a). Defendant was sentenced on July 11, 2006, over sixteen years ago, and the Rule 35 Motion comes well beyond this fourteen-day window. Rule 35 contains other timelines for reducing a sentence based on a defendant's substantial assistance, but Defendant has not

---

successive § 2255 motion." Gooden, 627 F.3d at 847. As such, a court must provide a *pro se* litigant with notice or warning before recharacterizing a filing as a first § 2255 motion. See Castro v. United States, 540 U.S. 375, 377 (2003). That rationale, however, does not apply to treating a subsequent motion as a successive § 2255 motion:

> Recharacterizing a prisoner's *successive* collateral motions in the sentencing court as within the scope of § 2255 does not pose any similar risk; the initial round of collateral review has been enjoyed . . . , and the only question is whether the court will permit the prisoner to use nomenclature to defeat the rules established by Congress.

Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004).

9

argued that he is eligible for any such reduction. Consequently, Rule 35 is unavailable to Defendant as a mechanism for correcting his sentence. The Rule 35 Motion [Doc. 91] is therefore **DENIED**.[6]

3.  **Motions for Tolling**

Three of Defendant's motions seek equitable tolling. [Doc. 88]; [Doc. 95]; [Doc. 132]. Specifically, Defendant seeks equitable tolling on the basis that he suffers from mental illness and that he has not had sufficient access to the prison's law library. [Doc. 88]. He also contends that he suffers from a mental impairment that presents extraordinary circumstances adequate to justify tolling the time period in which he was required to file a petition. [Doc. 95]. His third motion argues that his legal documents were confiscated by prison staff, which constitutes extraordinary circumstances sufficient for application of the equitable tolling doctrine. [Doc. 132].

---

[6] A number of Defendant's pending motions relate in some way to the Rule 35 Motion or to Defendant's argument that his sentence is somehow invalid. See [Doc. 92]; [Doc. 93]; [Doc. 94]; [Doc. 98]; [Doc. 100]; [Doc. 101]; [Doc. 115]; [Doc. 123]; [Doc. 124]; [Doc. 130]; [Doc. 136]. Some motions seek to supplement the initial motion, while others request a hearing or oral argument. Because the underlying Rule 35 Motion has been denied, these related motions are **DENIED** as moot.

### A. Legal Standard

A federal habeas petitioner must file a § 2255 motion within a one-year statute of limitations. This period begins to run from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f). Despite this limitations period, the doctrine of equitable tolling may excuse the untimely filing of a federal habeas petition in certain circumstances. Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1332 (11th Cir. 2008). A federal habeas petitioner "bears the burden of showing that equitable tolling is warranted." Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009). "To discharge his burden, he must demonstrate: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely

filing.'" Johnson, 513 F.3d at 1333 (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).

### B.   Analysis

Although the Court construed Defendant's Rule 35 Motion as a successive § 2255 motion, Defendant has not otherwise filed a habeas petition. Therefore, in the absence of any potentially untimely petition, it is unclear precisely which filing period Defendant seeks to have equitably tolled. As noted previously, Defendant's first § 2255 motion was dismissed as untimely. See [Doc. 71]. To the degree that he seeks to revive that § 2255 motion by showing that he is entitled to equitable tolling, the effort fails. In the order denying Defendant's first § 2255 motion, Judge William S. Duffey, Jr., determined that Defendant had until October 1, 2008, to file a timely § 2255 motion, one year after his convictions became final when the Supreme Court denied his application for review. Id. at 4. Instead, Defendant filed his first motion on January 21, 2010, over fifteen months after the deadline had passed. Id.

Judge Duffey specifically discussed whether the equitable tolling doctrine excused Defendant's late filing and concluded that it did not, see id. at 4–6, and Defendant's efforts to overturn that ruling are unavailing. It appears that Defendant

presented some of the same arguments—i.e., that his legal documents were confiscated and his access to the library was impaired—in his 2010 filings that he has presented in the current round of litigation. In fact, some of the instances cited in Defendant's current motion reference events that occurred prior to 2010 and were thus presumably addressed in earlier rounds of post-conviction litigation. See, e.g., [Doc. 95, pp. 4–5]. Judge Duffey noted that "[d]espite all of the alleged impediments created by [Michigan Department of Corrections] staff," Defendant was able to execute and file motions. [Doc. 71, p. 6]. Consequently, Judge Duffey did not find these circumstances sufficient to meet Defendant's burden of establishing his entitlement to the extraordinary remedy of equitable tolling. Id. Likewise, Defendant has filed over thirty motions in this case, which demonstrates that any "alleged impediments" created by his current incarceration do not constitute the kind of circumstances that warrant equitable tolling.

Defendant also argues that his mental impairment justifies the application of the equitable tolling doctrine and directs this Court to certain cases that Defendant contends are applicable to his situation. See Holland v. Florida, 560 U.S. 631, 645 (2010) (holding that the statutory limitations period for a state prisoner to file a federal habeas petition may be equitably tolled); McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (concluding that a claim of actual innocence may overcome the

statute of limitations for a habeas petition); Bolarinwa v. Williams, 593 F.3d 226, 231 (2d Cir. 2010) (holding that under certain circumstances, mental illness can toll the statute of limitations for filing a habeas petition). Defendant further contends that "attorney abandonment" presents extraordinary circumstances that justify tolling. However, over twelve years have passed since this Court denied Defendant's § 2255 motion. Even if this Court were to construe Defendant's current effort to obtain equitable tolling as a Rule 60 motion for reconsideration of Judge Duffey's order denying the first § 2255 motion, this twelve-year delay is unreasonable. This Court thus finds that Defendant is not entitled to assert any relief pursuant to Rule 60(b)(6). See Gonzalez v. Crosby, 545 U.S. 524, 537–38 (2005) (holding that Rule 60(b)(b) relief is not available when the petitioner had not acted diligently in pursuing review of the issue at an earlier time because the petitioner could not meet "Rule 60(b)(6)'s extraordinary-circumstances requirement"). For the reasons set forth above, Defendant's Motions for Equitable Tolling, [Doc. 88]; [Doc. 95]; [Doc. 132], are **DENIED**.

4.     **Motion for a Reduced Sentence**

Defendant filed a Motion for a Reduced Sentence, [Doc. 86], in which he asks this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The

Government argues that Defendant is ineligible for relief under this statute. See [Doc. 116, pp. 10–11].

Under 18 U.S.C. § 3582(c), the Court may modify a term of imprisonment in certain situations. Defendant contends that he is eligible for a reduced sentence under the First Step Act. [Doc. 86, p. 2]. The First Step Act "authorizes district courts to reduce the prison sentences of defendants convicted of certain offenses involving crack cocaine." Concepcion v. United States, 142 S. Ct. 2389, 2396 (2022). Defendant in this case was convicted of kidnapping and transporting a stolen vehicle. Because he was not convicted of any kind of drug offense, he is ineligible for a sentence reduction under the First Step Act.

"District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits." United States v. Patterson, 840 F. App'x 510, 512 (11th Cir. 2021); see also Phillips, 597 F.3d at 1194–95 (noting that the authority of a district court to modify a custodial sentence "is narrowly limited by statute"). In the absence of any statutory authority permitting this Court to reduce Defendant's sentence, the Motion for a Reduced Sentence [Doc. 86] is **DENIED**.[7]

---

[7] Several of Defendant's pending motions relate to the Motion for Reduced Sentence; some seek the appointment of counsel to present the motion, while others ask to supplement the original motion or request a hearing. See [Doc. 87]; [Doc. 97]; [Doc.

**5.     Motions for Writ and Remand**

Defendant filed three motions asking to be remanded into federal custody on various grounds:  a Motion for Writ under 28 U.S.C. § 1651, [Doc. 85]; a Motion for Remand, [Doc. 96]; and a Supplemental Motion for Remand pursuant to 28 U.S.C. § 1447, [Doc. 122].

As to the Motion for Writ, Defendant has not shown this Court that any legal authority permits his remand into federal custody.  As previously noted, Defendant was brought before this Court from Michigan, where he was and still is serving a state sentence, pursuant to a writ of habeas corpus ad prosequendum.  [Doc. 5].  In this posture, Defendant must remain in state custody:

> The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary.  The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately.  A writ of habeas corpus ad prosequendum is only a "loan" of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction.  The state court has not lost its right to prosecute, convict, and sentence the defendant.

---

107]; [Doc. 120]; [Doc. 129].  Because the Motion for Reduced Sentence has been denied, these motions are **DENIED** as moot.

Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980) (citations omitted).[8] Defendant was thus returned to state custody following the completion of his federal proceedings, and he has not provided this Court with any grounds for depriving the state courts of Michigan with their right to execute Defendant's sentence.  See United States v. Cole, 416 F.3d 894, 896–97 (8th Cir. 2005) ("If, while under the primary jurisdiction of one sovereign, a defendant is transferred to the other jurisdiction to face a charge, primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign.").  Moreover, the United States Supreme Court has held that § 1651, the All Writs Act, "does not authorize a district court to order the Marshals to transport state prisoners from state prisons to the federal courthouse in the ordinary course of litigation in federal courts."  Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 40 (1985).

The Motion for Remand asks this Court to remand Defendant into federal custody because the facility in which he is incarcerated in Michigan lacks essential programs, sufficient health care and meaningful access to the courts and to the law library.  This motion does not cite any legal grounds on which a federal district

---

[8] "[D]ecisions of the United States Court of Appeals for the Fifth Circuit . . . handed down by that court prior to the close of business on [September 30, 1981], shall be binding as precedent in the Eleventh Circuit." Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980) (citations omitted).[8] Defendant was thus returned to state custody following the completion of his federal proceedings, and he has not provided this Court with any grounds for depriving the state courts of Michigan with their right to execute Defendant's sentence.  See United States v. Cole, 416 F.3d 894, 896–97 (8th Cir. 2005) ("If, while under the primary jurisdiction of one sovereign, a defendant is transferred to the other jurisdiction to face a charge, primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign.").  Moreover, the United States Supreme Court has held that § 1651, the All Writs Act, "does not authorize a district court to order the Marshals to transport state prisoners from state prisons to the federal courthouse in the ordinary course of litigation in federal courts."  Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 40 (1985).

The Motion for Remand asks this Court to remand Defendant into federal custody because the facility in which he is incarcerated in Michigan lacks essential programs, sufficient health care and meaningful access to the courts and to the law library.  This motion does not cite any legal grounds on which a federal district

---

[8] "[D]ecisions of the United States Court of Appeals for the Fifth Circuit . . . handed down by that court prior to the close of business on [September 30, 1981], shall be binding as precedent in the Eleventh Circuit."  Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

court could direct a state prison to transfer a defendant—who has not completed his state sentence—into federal custody.  Accordingly, the Motion for Remand is due to be denied.

Defendant's Supplemental Motion for Remand seeks remand on the basis of § 1447.  Like the initial Motion for Remand, this motion also takes issue with various aspects of the facility in which Defendant is currently incarcerated.  In any event, § 1447 governs cases that are removed to federal court from state court and does not provide legal authority for this Court to remand Defendant into federal custody.  The Supplemental Motion for Remand does not provide any other cognizable basis for relief.  Thus, for the foregoing reasons, Defendant's motions seeking remand into federal custody, [Doc. 85]; [Doc. 96]; [Doc. 122], are **DENIED**.

6. **Procedural Motions**

The remainder of Defendant's motions make various procedural requests of the Court, e.g., setting a brief schedule, [Doc. 99]; liberally construing his pleadings, [Doc. 103]; leave to proceed in forma pauperis, [Doc. 104]; an extension of time, [Doc. 114]; and requesting a hearing, [Doc. 137], among others.  Because Defendant has not shown that he is entitled to the relief he seeks in his more substantive motions, his procedural motions are **DENIED** as moot.

## CONCLUSION

For the reasons stated above, all pending motions in this case are **DENIED**.

**SO ORDERED** this 20th day of April, 2023.

J. P. BOULEE
United States District Judge